| | |
|---|---|
| STATE OF COLORADO, COUNTY OF DOUGLAS<br>18th Judicial District Court<br>Douglas County Courthouse<br>4000 Justice Way Ste. 2009<br>Castle Rock, CO 80109 | DATE FILED: October 2, 2022 1:54 PM<br>FILING ID: 31DFB92AF374C<br>CASE NUMBER: 2022CV30711 |
| Plaintiff(s): **MARK CONLON**<br><br>v.<br><br>Defendant(s): **AARON LEE SHANNON** and **AMERICAN FURNITURE WAREHOUSE, CO.**, a Colorado Corporation | **COURT USE ONLY** |
| **Attorneys for Plaintiff:**<br><br>Paul J. Komyatte, #22750<br>David P. Mason, #41333<br>The Komyatte Law Firm, LLC<br>722 Washington Ave., Unit 202<br>Golden, CO. 80401<br>(720) 975-8553<br>(720) 528-8072 (fax)<br>paul@komyattelawfirm.com<br>dave@komyattelawfirm.com<br><br>Daniel Sorrells (*pro hac vice* to be submitted)<br>3218 S. Sugar Road<br>Edinburg, Texas 78539<br>Telephone (956) 271-1499<br>Fax (866) 924-6704<br>E-mail: pi@381help.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, the Plaintiff, MARK CONLON, by and through his attorney of record, The Komyatte Law Firm LLC and Daniel Sorrells, Esq. (*pro hac vice* to be submitted), and for his Complaint and Jury Demand states and alleges as follows:

### PARTIES

1. Plaintiff, MARK CONLON, an individual, resides in Fort Hancock, Texas.

2. Defendant, AARON LEE SHANNON ("SHANNON"), is an individual, residing in Glendale, Arizona.

3. Defendant, AMERICAN FURNITURE WAREHOUSE, CO. ("AMERICAN FURNITURE"), is a corporation organized and existing under the laws of the State of Colorado and is doing business in this State.

## JURISDICTION AND VENUE

4. This Court is vested with jurisdiction because the Defendant, AMERICAN FURNITURE, is a Colorado corporation headquartered in Colorado and regularly does business within the State of Colorado, and because the Defendant, AARON LEE SHANNON, regularly does business within the State of Colorado, including with and for the Defendant, AMERICAN FURNITURE.

5. Venue is proper in this Court because the Defendant, AMERICAN FURNITURE, is headquartered in and resides in Douglas County.

## GENERAL ALLEGATIONS AND FACTS

6. On or about October 3, 2019, Defendant SHANNON was operating a 2016 Kenworth tractor with attached trailer driving east of IH 10 in El Paso County, Texas. Plaintiff was operating a 2006 Ford F-150 traveling in front of Defendant SHANNON. Defendant SHANNON failed to control his speed and struck the back end of the 2006 Ford F-150 operated by the Plaintiff with the Kenworth tractor's front end. The collision caused the Ford F-150 to flip onto the westbound lanes of IH 10.

7. Defendant AMERICAN FURNITURE owned, maintained and controlled the 2016 Kenworth tractor and/or attached trailer operated by Defendant SHANNON at the time of the collision. Defendant SHANNON operated the 2016 Kenworth tractor and/or attached trailer on behalf of, in furtherance of the business of, and at the direction of Defendant AMERICAN FURNITURE.

## PLAINTIFF'S INJURIES

8. As a result of the accident and Defendants' negligent and wrongful conduct, Plaintiff suffered physical injuries that required immediate medical care and prolonged rehabilitation.

## FIRST CLAIM FOR RELIEF
### (Negligence and Negligent Per Se)

9. The plaintiff hereby incorporates paragraphs 1 through 8 by reference as if each paragraph were set for therein in its entirety.

10. Defendants committed acts and/or omissions, singularly or in combination with others, which constitute negligence, which proximately caused the collision made the basis of this action, and which resulted in the injuries of the Plaintiff.

11. Defendant SHANNON breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

    a.    Acting as an inattentive driver of the tractor and trailer;

      b.      Failing to maintain proper control of the tractor and trailer as a person using ordinary care would have done under the same or similar circumstances;
      c.      Failing to control his speed, in violation of the Texas Transportation Code;
      d.      Failing to take proper evasive action to avoid causing an accident;
      e.      Failing to obtain or have the necessary knowledge, training and experience to safely operate the tractor and trailer;
      f.      Failing to maintain appropriate knowledge and understanding of state and federal motor carrier safety regulations pertaining to safe vehicle operation in violation of 49 C.F.R. § 383.111;
      g.      Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. § 383.111;
      h.      Failing to have required skills in vehicle operation in violation of 49 C.F.R. § 383.113;
      i.      Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. § 390.3;
      j.      Failing to operate the vehicle in a reasonable and prudent manner;
      k.      Failing to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and
      l.      All other acts and/or omissions that may be shown at the trial of this matter.

12. Plaintiff alleges that the actions or inactions of Defendant SHANNON constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries and damages.

13. Defendant AMERICAN FURNITURE, directly and through its driver, Defendant SHANNON, violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, and is therefore liable for negligence and/or negligence *per se*.

14. Defendant AMERICAN FURNITURE is also liable for Plaintiff's damages under the doctrine of *respondeat superior*, as Defendant SHANNON was driving a tractor and/or hauling a trailer that was owned, maintained, and controlled by Defendant AMERICAN FURNITURE and was on a mission at the direction of and for the commercial benefit of Defendant AMERICAN FURNITURE at the time of the collision. Defendant SHANNON was subject to the control of Defendant AMERICAN FURNITURE as to the details of the mission and was driving in the course and scope of his employment as designated by the Federal Motor Carrier Regulations, including 49 C.F.R. § 390.5.

15. Defendant AMERICAN FURNITURE breached the duty owed to the Plaintiff to exercise reasonable care by committing the following acts and/or omissions:

      a.      Negligently entrusting the 2016 Kenworth tractor with attached trailer to Defendant SHANNON;
      b.      Failing to appropriately supervise the conduct of its drivers, including Defendant SHANNON;
      c.      Failing to appropriately train its drivers regarding safe vehicle operation on the roadways, including Defendant SHANNON;
      d.      Failing to adequately maintain its tractor trailer;

  e. Failing to appropriately train, supervise and implement safety policies governing its drivers, including Defendant SHANNON; and

  f. All other acts and/or omissions constituting negligent or unlawful conduct that may be revealed in discovery or otherwise shown at the trial of this matter.

16. Plaintiff alleges that the acts and omissions of Defendant AMERICAN FURNITURE constituted negligence and/or negligence *per se* and such negligence was a proximate cause of Plaintiff's injuries and damages.

## DAMAGES

17. The plaintiff hereby incorporates paragraphs 1 through 16 by reference as if each paragraph were set forth herein in its entirety.

18. The plaintiff has suffered general and special, incidental and consequential damages as the direct and proximate result of the negligent acts and omissions of the defendants, which damages shall be fully proven at the time of trial, including, but not limited to: damages for loss of enjoyment of life, both past and future; medical care and medical related expenses, both past and future; emotional distress and future emotional distress; physical pain and suffering, both in the past and future; pharmaceutical expenses, past and future; and all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances and as may be available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. That the court award plaintiff judgment against defendants in such sums as shall be determined to fully and fairly compensate plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by plaintiff as the direct and proximate result of the acts and omissions of defendants;

2. That the court award plaintiff his costs, disbursements and reasonable attorneys' fees incurred;

3. That the court award plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

4. That the court award such other and further relief as it deems necessary and proper in the circumstances.

## PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY

Respectfully submitted this 2nd day of October, 2022.

THE KOMYATTE LAW FIRM, LLC

By: _s/ Paul J. Komyatte_
Paul J. Komyatte, #22750
David P. Mason, #41333
The Komyatte Law Firm, LLC
722 Washington Ave., Unit 202
Golden, CO. 80401

Daniel Sorrells
(*pro hac vice* to be submitted)
3218 S. Sugar Road
Edinburg, Texas 78539

*Attorneys for Plaintiff*

Plaintiff's Address:
38530 20 Hwy.
Fort Hancock, Texas 79838